BLOUNT COUNTY *v.* LOUDON COUNTY.

COUNTY LIABILITIES. *How enforced against a fraction of the indebted county, taken to form part of a new county.* An act providing for the organization of a new county out of fractions to be taken from several existing counties, provided that the fractions so taken to form the new county should continue liable for their *pro rata* of all debts contracted by their respective counties prior to the separation, and be entitled to their proportion of any stock or credits belonging to such old counties. *Held*, that for the purpose of enforcing the liabilities of said respective fractions for their *pro rata* of debts created prior to the separation, the parent counties have the same jurisdiction as they had before the separation. That as regards this purpose, the old counties are kept intact and subject to the assessment and collection of taxes as if no new county had been formed.

FROM LOUDON.

Appeal from the Chancery Court. O. P. TEMPLE Chancellor.

W. D. McGINLEY and R. N. HOOD for complainants.

BAXTER & SON, D. R. NELSON and F. C. JOHNSON for defendants.

TURNEY, J., delivered the opinion of the court.

On the 2d June, 1870, the Governor approved an act of the General Assembly, passed 27th May, establishtng the county of Christiana.

This act, after defining the boundaries, providing

for the organization, etc., concludes: "Sec. 14. Be it further enacted, That the fractions taken from the counties of Roane, Monroe and Blount, to form the county of Christiana, shall continue liable for their *pro rata* of all debts contracted by their respective counties prior to the separation, and be entitled to their proportion of any stock or credits belonging to such old counties."

On the 27th June, 1870, this act was amended by changing the name of the new county from Christiana to Loudon.

Before the formation of the new county, Blount became indebted to the Knoxville and Charleston R. R. Co. by subscription, in the sum of $120,000, besides owing other large debts.

This bill is filed seeking to have Loudon county, or its fraction taken from Blount, account for the *pro rata* share of the fraction in the indebtedness of Blount.

There is a demurrer to the bill: 1st, Because complainant's remedy, if it has any, is against the citizens and property of that part of Loudon county formerly constituting a part of Blount, and not against Loudon county. 2d, Complainant shows no equity upon the face of the bill, upon which a court of chancery could base a decree.

The demurrer is well taken. The indebtedness charged is in no sense the indebtedness of Loudon county, but is the indebtedness solely of Blount county. There is no allegation of the bill to the effect that Loudon county has collected and retains, or has ap-

propriated taxes levied upon and realized from the Blount fraction, that should have been applied to the payment of the debts charged. Nor is there any charge against Loudon of doing that it ought not to have done, or failing to do that it should have done.

The property and citizens of the Blount fraction occupy now the same relation to Blount they did at the moment of the formation of the county, and that relation is defined in section 14, already quoted, of the act of June, 1870. The provision that the fractions named in that section, "shall continue liable for their *pro rata* of all debts," etc., has reference to the liability then existing — that liability was to pay, in taxes to be assessed by the respective county courts of the counties then containing such fractions, their proportion of its county's indebtedness.

It was intended that while these parts of the counties should be detached from the old counties to constitute a new one, that nevertheless such new county should not be absolved from its existing obligation to the parent counties, and that the parent counties should, for the purpose of enforcing such obligations, exercise the same jurisdiction it had before the separation. The words "shall continue liable," have reference to the law as it existed at the time of the passage of the act, and that law gave to the county of Blount the authority to levy and collect taxes for county purposes, and the county before its dismemberment having become involved in debt, that debt still hangs over it as an entirety, including the fraction taken off to Loudon.

In fact, for this purpose the county is, by the language of the act, kept intact and subject as formerly to the assessment and collection of taxes as if no new county had been formed.

The decree of the chancellor, sustaining the de- murrer, is affirmed.